FILED
2018-09-27 AM 09:09
U.S. DISTRICT COURT
N.D. OF ALABAMA

```
                UNITED STATES DISTRICT COURT

                NORTHERN DISTRICT OF ALABAMA

                      SOUTHERN DIVISION


 UNITED STATES OF AMERICA,         *
         Plaintiff,                *
                                   *  Case No. CR-15-MHH-0154-S
         v.                        *
                                   *
 KIMBERLY H. BRANCH,                *    Birmingham, Alabama
                                   *      August 14, 2015
         Defendant.                *        10:00 a.m.
 **********************************


         TRANSCRIPT OF TRIAL BY JURY, VOLUME V OF V
        BEFORE THE HONORABLE MADELINE HUGHES HAIKALA
                 UNITED STATES DISTRICT JUDGE









  Court Reporter:         Chanetta L. Sinkfield, CCR, RMR
                          United States Federal Courthouse
                          1729 Fifth Avenue North
                          Birmingham, AL 35203
```

```
 1                       APPEARANCES

 2

 3   FOR THE PLAINTIFF:      U.S. ATTORNEY'S OFFICE
                             Assistant U.S. Attorney,
 4                           AMANDA SCHLAGER WICK
                             JENNIFER SMITH MURNAHAN
 5                           1801 4th Avenue North
                             Birmingham, AL 35203
 6

 7
     FOR THE DEFENDANT:      WILLIAM H. BROOME, ESQ.
 8                           1110 Wilmer Avenue
                             P.O. BOX 1952
 9                           Anniston, AL 36202

10

11

12

13

14

15

16

17

18

19

20

21

22

23
     Court Reporter:         Chanetta L. Sinkfield, CCR, RMR
24                           United States Federal Courthouse
                             1729 Fifth Avenue North
25                           Birmingham, AL 35203
```

# I N D E X

August 14, 2015; VOLUME V

JURY QUESTIONS   P. 827

JURY VERDICT     P. 834

1                    P R O C E E D I N G S

2           (Out of the presence of the jury.)

3                       (10:02 a.m.)

4           THE COURT:  Good morning.  Everybody knows when we

5   broke last night, we were going to try to reach Mr. Williams

6   to notify him that he needed to come back and be part of the

7   deliberations in the case.

8           Tammi, why don't you go ahead and put on the record

9   what you did last night and what you just learned, please.

10          THE COURTROOM DEPUTY:  Yeah, I spoke to Mr. Williams

11  last night and told him to be here at 9:45.  He is aware and

12  he knows he was supposed to be here.  About two minutes ago,

13  he called me and told me his car battery is dead and broken

14  down and he can't get it started.  And I told him to keep

15  working on it, and we would be calling him back.

16          MR. BROOME:  I guess the first question would be how

17  far away is he from here with his car battery broken?

18          THE COURT:  Can I send a marshal to go get him?

19          THE COURTROOM DEPUTY:  I think you could do what you

20  want to, Judge.

21      (Laughter.)

22          THE COURT:  Do you know where he is?

23          THE COURTROOM DEPUTY:  I think he is home, Judge.

24          THE COURT:  Where home is?

25          THE COURTROOM DEPUTY:  I can go find out.

```
 1        (One-minute recess taken.)
 2            THE COURT:  Mr. Broome?
 3            MR. BROOME:  Yes, Your Honor.
 4            THE COURT:  Tammi got Mr. Williams' address, he
 5   lives in Center Point, so I am sending a marshal to go get
 6   him.  And that way we will know he will be here within
 7   hopefully half an hour or so, and we can let the jury get
 8   started.
 9        What I plan to do, and you all let me know now if you
10   have an objection to this, please, I am just going to give
11   those final instructions that I gave yesterday before I
12   dismissed the jurors for lunch.  I thought I would just give
13   those one more time to launch them into their deliberations
14   and just say, start over again from here, please.
15            MR. BROOME:  Judge, the only other request, I got to
16   thinking about this last night on the way home.  The jury
17   asked for a copy of the indictment, and the court sent a copy
18   of the indictment back.
19            THE COURT:  Yes, sir.
20            MR. BROOME:  I would just ask the Court to tell them
21   the indictment -- you have already told them, but that the
22   indictment is not evidence.
23            THE COURT:  I will do that, unless the government
24   has an objection, I will do that.
25            MS. WICK:  No objection to either; the adding the
```

1  charging.

2          THE COURT:  All right.  Thanks.  Will you let the

3  marshals know?

4          THE COURTROOM DEPUTY:  Yes, ma'am.

5          THE COURT:  And give them his address.

6      Tammi, will you also let the jurors know that there

7  was a car issue, and that Mr. Williams is on his way, and that

8  we hope it will be about half an hour, so that they know

9  what's going on?

10         THE COURTROOM DEPUTY:  Yes, ma'am.

11         THE COURT:  Thanks, Tammi.

12      I apologize for the delay.

13              (Recess taken at 10:07 a.m.)

14              (Jury in at 11:20 a.m.)

15         THE COURT:  All right.  Mr. Williams, welcome back.

16         ALTERNATE JUROR WILLIAMS:  Thank you.

17         THE COURT:  Glad that you're back with us.  As

18  everyone knows, the Court released Ms. Manning yesterday.  So

19  Mr. Chris Williams is back with us today.

20      I thought because Mr. Williams is joining us and

21  hasn't been part of the deliberations that I will just remind

22  you all of the instructions that the Court gave after closing

23  arguments yesterday to send you into deliberations.  And so

24  let me go ahead and do that now.

25          On the first day of trial during the preliminary

1  instructions, I discussed note-taking.  If you took notes,
2  those notes are to assist your memory only.  They are not
3  entitled to greater weight than your memory or impression of
4  the testimony that you heard.  Your own recollection and
5  interpretation of the evidence is what matters.
6          I know you have already chosen a foreperson, so I
7  won't review that.
8          Each of you must decide the case for yourself, but
9  only after fully considering the evidence with the other
10 jurors.  You must discuss the case with one another and try to
11 reach agreement.  While you discuss the case, do not hesitate
12 to reexamine your own opinion and change your mind if you
13 become convinced that you were wrong, but do not give up your
14 honest beliefs just because others think differently or
15 because you simply want to get the case over with.
16         Your verdict, whether guilty or not guilty, must be
17 unanimous as to each count -- in other words, you must all
18 agree.  Your deliberations are secret, and you will not have
19 to explain your verdict to anyone.
20         Remember that, in a very real way, you are judges --
21 judges of the facts.  Your only interest is to seek the truth
22 from the evidence in the case.
23         We went over the verdict form yesterday, and you all
24 have that back in the jury room.  When you have all agreed on
25 a verdict, your foreperson must fill in the verdict form, sign

1    it, date it, and then notify Tammi that you are ready to come
2    back into the courtroom where you will return your verdict to
3    the Court.
4         If you wish to communicate with me at any time, please
5    write down your message, and Tammi will bring it to me and we
6    will resolve those matters.
7         You all had one question yesterday.  You began your
8    deliberations with all of the exhibits from trial in the jury
9    room.  Somebody had mentioned during trial that you could have
10   the indictment as part of your deliberations.  The Court did
11   provide a copy of the indictment for you all to use during
12   your deliberations.  I remind you again, as I did in my
13   instructions before closing argument, that the indictment is
14   not evidence.  The other materials that you received are
15   evidence.  The indictment itself though is not evidence.
16        All right.  With that, I will instruct you to please
17   begin your deliberations over again.  Have the discussions of
18   whatever issues you began with yesterday to include Mr.
19   Williams now, and I will release you to begin your
20   deliberations.
21        I am going to ask Tammi to come check on you all.
22   It's 11:22.  I know this is a kind of late morning start, and
23   we all thank you for your patience with having to bring Mr.
24   Williams in this morning.
25        You know, I know this was a last minute notification

```
 1   to you, Mr. Williams.
 2           So, I will ask Tammi to check on you all just a little
 3   bit to find out when you want to take a lunch break.  All
 4   right.  Thank you.
 5             (Jury out for deliberations at 11:24 a.m.)
 6            THE COURT:  Is anything we need to take up, counsel?
 7            MR. BROOME:  No, Your Honor.
 8            MS. WICK:  No, Your Honor.
 9            THE COURT:  All right.
10               (A recess was taken at 11:24 a.m.)
11         (Out of the presence of the jury at 2:57 p.m.)
12            THE COURT:  There are two questions from the jury.
13         The first is:  We need clarification on intent to
14   defraud as it pertains to Counts Two through Sixteen.
15         The second is:  If at the end of deliberations the
16   jury can only agree on one count and not the other -- I think
17   that means -- that should say, "the others," what is the
18   result?
19            Thoughts from counsel, please.
20             MS. WICK:  I want to make sure I have it right.  The
21   clarification on intent to defraud as to Counts Two through
22   Sixteen?
23            THE COURT:  Yes.
24             MS. WICK:  "If we only agree on one count and not
25   others, what is the result?"
```

1            THE COURT:  Yes, ma'am.
2            MS. WICK:  On the jury instructions, in terms of
3    providing -- clearly, they have the instructions on intent to
4    defraud.
5            THE COURT:  Yes, ma'am, and I have highlighted the
6    language that I think addresses it specifically.  That appears
7    on page 9 and on page 11 of the written instructions.
8            MS. WICK:  Are there two places?
9            THE COURT:  Yes, ma'am.
10           MS. WICK:  I only have the one marked "draft closing
11   instructions."  I know you changed it at some point, but I
12   think it was largely the same, right?
13           THE COURT:  Yes, ma'am.
14           MS. WICK:  Is the one on 11 the portion in "good
15   faith"?
16           THE COURT:  Yes, ma'am.
17           MS. WICK:  Does Your Honor want to give something in
18   addition to that or is the idea that that's sufficient?
19           THE COURT:  That's the pattern instruction, so I
20   think do it's sufficient.  I am not sure where the jury's
21   concern is and what prompted the question from the jurors
22   based on the written question that the Court has received.
23           MS. WICK:  Do you think it's possible -- because if
24   they need clarification on intent to defraud as to Counts Two
25   through Sixteen, is it possible that their confusion is the

1  intent to defraud different for Count One than it would be for
2  Two through Sixteen?  Maybe that has nothing to do with what
3  they're saying.  But in terms clarifying that it's the same
4  intent to defraud like the definition of intent to defraud
5  would be the same for Count One as it is for Two through
6  Sixteen?
7            THE COURT:  Without clarification from the jurors, I
8  don't what the source of the question is.
9            MS. WICK:  Just one second, Your Honor.
10           THE COURT:  With regard to your question, Ms. Wick,
11 there is -- I am looking for intent to deceive language with
12 respect to -- or excuse me to defraud language, with respect
13 to Count One, and that language doesn't appear in Count One.
14 So, unless I am missing it, and please correct me if I am
15 overlooking it, but I think your proposal might actually
16 confuse the jury because it's not in the instruction for Count
17 One.
18           MS. WICK:  I think you are absolutely right, Your
19 Honor.
20           MR. BROOME:  Your Honor, moving on to the second
21 question, that's probably the easiest one.
22           THE COURT:  That's Rule 31.
23           MR. BROOME:  If they don't reach a verdict as to one
24 count, they could be hung up on one count or Two through
25 Sixteen.  I always like to start with the easiest one first.

```
 1            THE COURT:  I think ultimately, the outcome is
 2   dictated by Rule 31(a)(2), having to deal with multiple
 3   counts, but the court would ask them to work, continue to work
 4   before we get to a conclusion under Rule 31.
 5            MS. WICK:  Your Honor, in terms of the second
 6   question, I think the government would agree with that.  I am
 7   just looking at this.
 8            THE COURT:  Sure.
 9            MS. WICK:  Just a moment, Your Honor.
10       (Brief pause.)
11            MS. WICK:  I don't know if this is without knowing
12   more, and I apologize, it feels like I am kind of shooting in
13   the dark.
14            THE COURT:  Well, we all are right now.
15            MS. WICK:  For the intent to defraud, perhaps we
16   could clarify the intent to defraud is the specific intent to
17   deceive or cheat someone or an entity, usually for personal
18   financial gain or to cause financial loss to someone else or
19   another -- I don't know if the confusion is if it has to be a
20   person versus an entity?
21            THE COURT:  Well, and the question may be, the first
22   thing that occurred to me was they may be wondering whether
23   the issue is whether Ms. Branch has to have the intent herself
24   to deceive.
25            MS. WICK:  If that was the case, adding Ms. Branch
```

```
 1   would have to have the specific intent to deceive or cheat
 2   someone or an entity usually for personal financial gain or to
 3   cause financial loss to another person or entity.  Do you
 4   think that would help?
 5              THE COURT:  Mr. Broome, what are your thoughts
 6   please?
 7              MR. BROOME:  Judge, I don't mind that part being
 8   added.  I think if Your Honor charges again on the intent to
 9   defraud, you have to go back to page 11 and also charge them
10   on good faith again.
11              THE COURT:  Yes, sir.  Because that's part of the
12   intent issue in the case.  I will agree with that.
13         What I can do is we can bring the jury back in, I can
14   give the intent charge again and ask the jurors if that
15   clarifies things for them.  They have the written charge with
16   them, so that's what leads me to believe that there's
17   something maybe beyond this that they may not -- may be
18   wondering about, but we can try that and then ask them if that
19   satisfies their question.
20         Then with respect to the second question, urge them to
21   continue working and report back to us in a while and see
22   where they stand.  And then at that point, we could make a
23   decision, or ultimately the Court will make a decision about
24   when it's appropriate to use Rule 31.
25              MS. WICK:  That would be fine with the government,
```

```
 1   Your Honor.
 2            MR. BROOME:  Ms. Branch is satisfied, Your Honor.
 3            THE COURT:  All right.  We'll do that.
 4                   (Jury in at 3:06 p.m.)
 5            THE COURT:  All right.  The Court has received two
 6   questions from the jury.  The first states:  We need
 7   clarification on intent to defraud as it pertains to Counts
 8   Two through Sixteen.
 9          The Court instructs the jury that with respect to
10   intent to defraud, to return a verdict of guilty, the jury
11   would have to find that Ms. Branch had the specific intent to
12   deceive or cheat someone or an entity for personal gain or to
13   cause financial loss to someone else, or an entity.  And that
14   good faith is a complete defense to a charge that requires
15   intent to defraud.  A defendant is not required to prove good
16   faith.  The government must prove intent to defraud beyond a
17   reasonable doubt.  An honestly held opinion or an honestly
18   formed belief cannot be fraudulent intent, even if the opinion
19   or belief is mistaken.  Similarly, evidence of a mistake in
20   judgment and error in management or carelessness cannot
21   establish fraudulent intent.
22          Does that answer the jury's question?  That does the
23   trick.  I am seeing heads nod up and down.  Is that a yes?
24            JURORS:  Yes.
25            THE COURT:  Then with respect to the second question
```

```
 1   states:  If at the end of deliberations the jury can only
 2   agree on one count and not the other, what is the result?
 3          At this point, the Court just needs to ask you to
 4   continue working to talk about the counts that you may not
 5   have resolved yet.  If you get to the point where you haven't
 6   been able to resolve all counts, we will cross that bridge
 7   when we come to it.  But the Court asks you all to please
 8   continue deliberating for right now.  All right.
 9          JURORS:  Thank you.
10          THE COURT:  Thank you.
11       (Jury out and deliberations resumed at 3:09 p.m.)
12          THE COURT:  Any objection from the government to the
13   Court's instruction?
14          MS. WICK:  No objection, Your Honor.  The only thing
15   I would note -- and I really don't think it made a difference
16   is that I think when the Court read the intent to defraud is
17   the specific intent to deceive or cheat someone, that the
18   "usually" was left off.  I really don't think it made a
19   material difference.
20          THE COURT:  I apologize.
21          MS. WICK:  It's okay.  I don't really think it made
22   a material difference with personal financial gain to cause
23   financial loss to someone else, I think it sufficiently
24   covered what happened in this case.  Just in turn, it was more
25   noting.  I really don't think there's a need to bring the jury
```

```
 1    back unless the Court feels the government would not ask for
 2    that.
 3             THE COURT:  Mr. Broome?
 4             MR. BROOME:  Ms. Branch is satisfied, Your Honor.
 5             THE COURT:  All right, then.  Thank you.
 6                  (A recess was taken at 3:11 p.m.)
 7                      (Jury in at 3:47 p.m.)
 8             THE COURT:  All right.  Members of the jury, the
 9    Court has been notified that you have reached a verdict in
10    this matter.  Is that correct, Ms. Foreperson?
11             FOREPERSON MONTGOLF:  Yes, Your Honor.
12             THE COURT:  All right.  Will you please hand your
13    verdict to Tammi.
14             FOREPERSON MONTGOLF:  (Complying.)
15             THE COURTROOM DEPUTY:  Yes, ma'am.
16             THE COURT:  All right.  The verdict form reads as
17    follows:  As to Count One of the indictment, we the jury find
18    the defendant, Kim Branch, guilty.
19          As to Count Two of the indictment, we the jury find
20    the defendant, Kim Branch, not guilty.
21          As to Count Three of the indictment, we the jury find
22    the defendant, Kim Branch, not guilty.
23          And as to Counts Four through Sixteen of the
24    indictment, we the jury find Ms. Branch not guilty.
25             All right.  Is there anything from the government?
```

```
 1              MS. WICK:  Not from the government, Your Honor.
 2              THE COURT:  Is there anything for the defendant?
 3              MR. BROOME:  Judge, we thank the jury for their
 4    service, but we would like the jury polled.
 5              THE COURT:  All right.
 6              Request for a jury poll is a request for the Court
 7    to ask each juror if the verdict that the Court just announced
 8    is the verdict for that juror.
 9               So, Ms. Morgan.  Is the verdict that the Court just
10    announced your verdict?
11              JUROR MORGAN:  Yes.
12              THE COURT:  Mr. Lazenby, is the verdict that the
13    Court just announced your verdict?
14              JUROR LAZENBY:  Yes, ma'am.
15              THE COURT:  Mr. Turner, is the verdict that the
16    Court just announced your verdict?
17              JUROR TURNER:  Yes, ma'am.
18              THE COURT:  Ms. Davis, is the verdict that the Court
19    just announced your verdict?
20              JUROR DAVIS:  Yes, ma'am.
21              THE COURT:  Ms. Showers, is the verdict that the
22    Court just announced your verdict?
23               JUROR SHOWER:  Yes, ma'am.
24               THE COURT:  Mr. Rodney Williams, is the verdict
25    that the Court just announced your verdict?
```

```
 1              JUROR WILLIAMS:  Yes, ma'am.
 2              THE COURT:  Mr. Chris Williams, is the verdict that
 3   the Court just announced your verdict?
 4              JUROR C. WILLIAMS:  Yes, ma'am.
 5              THE COURT:  Ms. Lee, is the verdict that the Court
 6   just announced your verdict?
 7              JUROR LEE:  Yes, Your Honor.
 8              THE COURT:  Ms. Cheyne, is the verdict that the
 9   Court just announced your verdict?
10              JUROR CHEYNE:  Yes, Your Honor.
11              THE COURT:  Mr. Evans, is the verdict that the Court
12   just announced your verdict?
13              JUROR EVANS:  Yes, Your Honor.
14              THE COURT:  Ms. Balazs -- is it Ms. or Dr.?
15              JUROR BALAZS:  Ms.
16              THE COURT:  Ms. Balazs, is the verdict that the
17   Court just announced your verdict?
18              JUROR BALAZS:  Yes, ma'am.
19              THE COURT:  And Ms. Montgolf, is the verdict just
20   announced your verdict?
21              FOREPERSON MONTGOLF:  Yes, Your Honor.
22              THE COURT:  All right.  Is there anything else for
23   the defendant?
24              MR. BROOME:  No, Your Honor.
25              THE COURT:  All right.  Ladies and gentlemen of the
```

1   jury, the Court thanks you very much for your service in this
2   matter.  The service that you have provided is one of the most
3   important services that you will provide to our district as
4   citizens of this district.  The Court recognizes that you
5   worked hard to reach a verdict in this matter and to pay
6   attention throughout the trial.  So thank you for your
7   service.
8          If anyone contacts you and asks you if you wish to
9   speak about the verdict, discuss the verdict, you don't have
10  to speak to anyone at all for 24 hours.  No one should contact
11  you from either of the parties in this case for 24 hours.
12         If someone should contact you after 24 hours, you have
13  the absolute right to say, I don't want to discuss the case at
14  all.  All right?  I hope you all have a nice weekend.  Thank
15  you very much for your service.
16              (Jury excused at 3:51 p.m.)
17         THE COURT:  Please be seated.  All right.  Do I hear
18  anything from the parties right now, any business from the
19  parties?
20         MR. BROOME:  Judge, I would assume I will be filing
21  a motion for judgment of acquittal as to Count One.
22         THE COURT:  All right.
23         MR. BROOME:  Judge, I would also ask the Court to
24  leave her on the same bond that she was already on.
25         THE COURT:  With respect to the bond, is there

```
 1    anything that the government has to say on that?
 2            MS. WICK:  No objection to the bond, Your Honor.
 3            THE COURT:  All right.  Ms. Branch, the Court is
 4    going to release you on the same conditions that you were
 5    released on pretrial.  Please make sure you comply with those
 6    conditions.
 7         The Court will await any motions that the defendant
 8    may wish to file in this matter, and we'll take those motions
 9    up at an appropriate time, and we'll set a date for sentencing
10    when appropriate.  All right?  I thank the parties very much.
11            MS. WICK:  Thank you, Your Honor.
12            MR. BROOME:  Thank you, Your Honor.
13              (Proceedings concluded at 3:53 p.m.
14
15
16
17
18
19
20
21
22
23
24
25
```